UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AI MIN DING, JUN LI, and XIAO MING CHEN,

                Plaintiffs,

v.

THE MASK POT, BK SPICE WORLD INC., HUI FANG, YUNFU YANG, JIN WANG, JOHN JIN, and WEI ZHAO

                Defendants.

**MEMORANDUM AND ORDER**

20-CV-06076 (LDH)

---

LASHANN DEARCY HALL, United States District Judge:

Jun Li and Xiao Ming Chen (together, "Plaintiffs"), along with Ai Min Ding,[1] bring the instant action, on behalf of themselves and others similarly situated, against The Mask Pot d/b/a Xiang Hot Pot, Yunfu Yang (together, the "Mask Pot Defendants"), BK Spice World d/b/a Xiang Hot Pot, Hui Fang, and Wei Zhao (together, the "BK Spice World Defendants"), Jin Wang, and John Jin (collectively with the Mask Pot Defendants, BK Spice World Defendants, and Wang, the "Defendants") alleging willful violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq* and New York Labor Law ("NYLL") N.Y. Lab. L. § 190 *et seq*, including failure to pay minimum wage, overtime, and spread of time premium, as well as failure to keep employment records, provide time of hire wage notices, and to provide wage statements. The Mask Pot Defendants and BK Spice World Defendants move to dismiss Plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] By Stipulation and Order dated October 25, 2021, the proceedings between Ding and the Mask Pot Defendants were stayed pending arbitration. Therefore, this memorandum and order considers dismissal of only those claims brought by Plaintiffs Li and Chen.

## BACKGROUND[2]

Plaintiffs Li and Chen were both food preparers who at all times relevant to the claims worked for the Mask Pot Defendants. (First Am. Compl. ("FAC") ¶¶ 8,9, ECF No. 32.) Li was hired on October 1, 2018 and was laid off on February 16, 2020 (*id.* ¶ 8), and Chen was hired October 24, 2017 and was laid off on March 8, 2020, (*id.* ¶ 9.)

Plaintiffs allege that although they did not work at BK Spice World, both BK Spice World and the Mask Pot operated as a together as "Xiang Hot Pot." (*Id.* ¶ 47.) Both entities shared staff, advertised jointly, and had common ownership. (FAC ¶¶ 47–49.) Plaintiffs allege that Fang has an ownership interest in both entities, based on the entities' liquor licenses, and that Fang hired managers who worked at both entities. (FAC ¶¶ 18–19.) Indeed, Fang hired Plaintiffs' manager, Yang, to work at the Mask Pot. (FAC ¶¶ 18, 27.) They allege that while Yang worked at the Mask Pot, he had hiring power, supervised Plaintiffs, and controlled their work, but that Yang was transferred in November 2018 to BK Spice World where he remained until November 2019. (FAC ¶¶ 25–28.) It is not clear from the FAC who managed the Mask Pot and supervised Plaintiffs from November 2018 to November 2019.

Plaintiffs allege, on information and belief, that there were widespread violations of FLSA, NYLL, and NYHRL, by Defendants' failures to pay overtime, and otherwise comply with labor law requirements. (FAC ¶ 2.) Li alleges from September 1, 2018 to November 20, 2018, he worked 48 hours each week; he was terminated on November 20, 2018, but rehired on September 11, 2019, and from that date to February 9, 2020, he worked 48 hours week. (FAC ¶¶ 91–94.) Li alleges that he was never given overtime pay, spread of hours premiums for shifts that lasted longer than ten hours, or a statement of his weekly earnings. (FAC ¶¶ 101–104.)

---

[2] The following facts taken from the Complaint are assumed to be true for the purpose of this memorandum and order, unless otherwise stated.

Chen alleges that he worked 45 hours per week from October 24, 2017 through November 24, 2017, and 51 hours per week from November 25, 2017 through March 8, 2020. (FAC ¶¶ 106–107.) Chen claims he was never given overtime pay, spread of hours premium for hours shifts that lasted longer than ten hours, or a statement of his weekly earnings. (FAC ¶¶ 113–116.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of a defendant's liability, *id*., "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp*., 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id*. (citations omitted).

## DISCUSSION

The FLSA creates liability for any "employer" who violates its terms. *See* 29 U.S.C. § 207(a)(1). Under the FLSA, "employer" is defined broadly, reaching "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Multiple entities may be considered a single employer for the purposes of FLSA.[3] Of relevance

---

[3] The single-integrated-enterprise doctrine has been recognized in the context of Title VII, the New York Human Rights Laws, and the National Labor Relations Act. *See, e.g., Clinton's Ditch Co-op Co. v. N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985) (explaining the doctrine in the context of the National Labor Relations Act); *Arculeo v. On-site Sales & Mktg., LLC*, 425 F.3d 193, 197–98 (2d Cir. 2005) (explaining the doctrine in the Title VII context and

here, "the single employer theory applies 'where two nominally separate entities are actually part of a single integrated enterprise,' such that an employee need not have worked at each entity in order to hold each liable for employment-related violations." *Chang Yan Chen v. Lilis 200 W. 57th Corp.*, No. 19-cv-7654, 2020 WL 7774345, at *3 (S.D.N.Y. Dec. 30, 2020).

Given the definition's breadth, and FLSA's remedial nature, "the determination of whether an employer-employee relationship exists . . . should be grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (citing *Barfield v. NYC Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008)) (quotations omitted). Courts consider whether a defendant exercised formal control over a plaintiff's employment, *see Carter v. Dutchess Community Coll.*, 735 F.2d 8, 12 (2d Cir. 1984), or "functional" control, *see Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003).[4]

### I. BK Spice World Motion to Dismiss

BK Spice World maintains that the claims against it are ripe for dismissal because Plaintiffs have not adequately pleaded that it was their employer. Plaintiffs, for their part, do not maintain that they were directly employed by BK Spice World. Instead, according to Plaintiffs, through the application of the single integrated enterprise theory, BK Spice World is subject to liability for the FLSA claims brought against it. (Pls.' Opp'n at 7, ECF No. 49.) Plaintiffs are mistaken.

---

noting that it "might differ significantly in different contexts"). While the Second Circuit has not expressly applied this test in the FLSA context, courts in this Circuit have sometimes applied the theory in FLSA cases to determine whether two nominally separate entities are actually part of a single enterprise such that there is, in reality, only a single employer. *See, e.g., Chang Yan Chen v. Lilis 200 W. 57th Corp.*, No. 19-cv-7654, 2020 WL 7774345, at *4 (S.D.N.Y. Dec. 30, 2020) ("While the Second Circuit has yet to rule on whether the 'integrated enterprise / single employer doctrine' is applied in FLSA cases, the 'shared policy concerns underlying the . . . doctrine and the FLSA' urge the theory's application to FLSA claims.").

[4] Plaintiffs' oppositions to the motions to dismiss do not contain functional control arguments.

"When considering whether a plaintiff has pleaded single integrated enterprise liability, courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-cv-6018, 2019 WL 633355, at *4 (S.D.N.Y. Feb. 14, 2019). "Courts will dismiss a complaint against defendants within a broader alleged enterprise that lack a nexus suggesting control of the plaintiff at hand[.]" *Id.* at *8. This nexus has been pleaded where a plaintiff "allege[d] that he worked at the other locations in the enterprise, that he transferred items between those stores, or that he communicated with anyone at those stores." *Id.* (citing *In re Domino's Pizza Inc.,* No. 16-cv-6724, 2018 WL 1587593, at *3 (S.D.N.Y. Mar. 27, 2018)). No such allegations are present in this case.

Most obviously, Plaintiffs do not allege that ever worked at BK Spice World. This is especially conspicuous given that Plaintiffs were granted leave to amend their complaint, based in part on their express representation they had evidence that Plaintiffs had worked at both BK Spice World and the Mask Pot. That aside, Plaintiffs fail to include other allegations that might serve to establish a nexus. Plaintiffs do not allege, for example, that they have been transferred back and forth between BK Spice World and Mask Pot. *See, e.g., Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367–68 (S.D.N.Y. 2014). They do not allege that they "personally transferred items between the restaurants." *See, e.g., Flores v. 201 W. 103 Corp.*, 256 F. Supp. 3d 433, 442 (S.D.N.Y. 2017). Nor do they allege that they communicated with the any BK Spice World employee, while they were working at the Mask Pot. *See In re Domino's Pizza Inc.,* 2018 WL 1587593, at *3 (noting that plaintiffs did not establish a connection with alleged members of enterprise, in part, because they did not allege any communications with the alleged members). That Plaintiffs have alleged that certain non-parties have, on occasion, worked for both

restaurants, is insufficient to establish the requisite control by BK Spice World over any Plaintiff here. That is, such allegations at most buttress the existence of a nexus between BK Spice World and those non-parties. But, "the decisive factor as to whether a named defendant is responsible for FLSA violations as to a particular plaintiff turns on control" over that plaintiff. *Han Dynasty*, 2019 WL 633355, at *8; *see also Lopez v. Acme Am. Envt'l Co., Inc.* No. 12 Civ. 511, 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012) (plaintiffs alleging single integrated enterprise theory "cannot escape their obligation under the FLSA to allege a relationship of control between the [purported employer] and themselves"). Plaintiffs' claims against BK Spice World are also not saved by their allegations that BK Spice World and the Mask Pot share common ownership. Indeed, "[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020). Indeed, courts in this circuit routinely reject such allegations where, as here, control was not otherwise alleged. *See Stewart v. Hudson Hall LLC*, No. 20 Civ. 885, 2020 WL 8732875, at *6 (S.D.N.Y. Oct. 19, 2020) (finding conclusory assertions of "common ownership and common purpose, without more," to be insufficient); *Lopez*, 2012 WL 6062501, at *4 (dismissing claims against alleged employer despite allegations of common ownership); *Wolman v. Catholic Health Sys. of Long Island, Inc.*, 853 F. Supp. 2d 290, 298 (E.D.N.Y. 2012) (finding "[p]laintiffs' assertions that [d]efendants are an integrated enterprise [], have common ownership [], and are engaged in a joint venture are . . . insufficient" (quotations and alterations omitted)). Absent allegations establishing the requisite nexus between Plaintiffs and BK Spice World, the Court refuses to extend potential liability to BK Spice World under the single integrated enterprise theory. *See Han Dynasty*, 2019 WL 633355, at *8 (dismissing putative class claims against defendants for

6

which single-named plaintiff did not work); *see also In re Domino's Pizza Inc.*, 2018 WL 1587593, at *3 (finding defendants not part of single-integrated-enterprise because plaintiffs did "not contend that they had *any* connection with" the defendants (emphasis in original)).[5]

## II.   Individual Defendants

Mask Pot Defendants and the BK Spice World Defendants maintain that Plaintiffs' claims against Zhao, Fang, and Yang should be dismissed because Plaintiffs have failed to plead that Defendants were their employers. The Court agrees.

"When assessing 'whether an individual within a company that undisputedly employs a worker is personally liable for damages as that worker's "employer,"' the Second Circuit applies the *Carter* factors, looks to the totality of the circumstances, and also considers the putative employer's level of 'operational control.'" *Sethi v. Narod*, 974 F. Supp. 2d 162, 186 (E.D.N.Y. 2013) (internal quotation marks omitted) (citing *Irizarry v. Catsimatidis*, 722 F.3d 99, 105-17 (2d Cir. 2013)). The *Carter* factors consider whether the alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment

---

[5] The other allegations Plaintiffs argue support a single-integrated-enterprise theory are boilerplate, conclusory, and improperly based on information and belief. (*See* FAC ¶ 47.) While plaintiffs are free to make allegations based on information and belief, it is appropriate only when such information is out of the plaintiff's reach. *See Peng Bai v. Fu Xing Zhuo*, No. 13-cv-5790, 2014 WL 2645119, at *4 (E.D.N.Y. June 3, 2014) (ignoring allegations that defendant hired, fired, set wages, and set work conditions based on information and belief where plaintiffs had access to the information they alleged). Here, the allegations made are those which Plaintiff is capable of learning, particularly in light of their claim of "widespread violations of the FLSA." (FAC ¶ 2.) Whether, for example, the restaurants paid all employees from the same entity is discernible because Plaintiffs worked at the Mask Pot and know other coworkers with whom they could have verified these claims. Indeed, they allege that non-parties, on occasion, worked at both locations, so they could have asked those individuals whether they received their pay from the same person or entity, but they either did not do that or received an answer to the contrary. (*See* FAC ¶¶ 55–57.) Plaintiffs also could have verified their conclusory allegation that the Mask Pot and BK Spice World "are otherwise engaged in related activities performed through unified operation and/or common control for a common business purpose and are co-owned by the same partners." (FAC ¶ 47e.) They could have spoken with the workers who allegedly worked at both locations to obtain more information about the similarities between the companies. These allegations must be ignored as conclusory and are irrelevant in any event because Plaintiffs do not allege that they had any connection whatsoever to BK Spice World.

7

records.  *See Carter*, 735 F.2d at 12.  Operational control means "possess[ing] control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry*, 722 F.3d at 109.  "Evidence indicating an individual's direct control over the plaintiff employees" is not the "only evidence . . . to be considered"; "[i]nstead, evidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employees." *Id.* at 110 (alterations, citations, and internal quotation marks omitted).  "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Id.* at 110.

At the outset, the claims against Zhao must be dismissed because there are no allegations that suggest Zhao's control over Plaintiffs.  Indeed, setting aside the boilerplate recitation of *Carter* (FAC ¶ 44), the only allegation that comes close to suggesting control over Plaintiffs is that "Zhao used to work as a manager at [the Mask Pot,]" (*id.* ¶ 45.)  But, Plaintiffs fail to allege the time period during which Zhao worked at Mask Pot.  Moreover, Plaintiffs allege that "Zhao started as a waiter at [the Mask Pot], and later on he was reassigned to work as 'big manager' at [BK Spice World]." (*Id.* ¶¶ 45, 54.)  Certainly, serving as a waiter at Mask Pot does not come close to establishing control over Plaintiffs.  And, Zhao's reassignment to BK Spice World as a manager is of no legal consequence because the Court has already established that BK Spice World is not Plaintiffs' employer.  *See Huer Huang*, 459 F. Supp. 3d at 592 (where plaintiffs "have not pleaded a plausible claim against [employer entity], the claims against [individuals at that entity] must also be dismissed").

8

The claims against Fang must also be dismissed. The amended complaint does not establish that Plaintiffs ever interacted with Fang, let alone that he exercised control over the conditions of their employment. The allegations Plaintiffs argue establish control are insufficient. For example, Plaintiffs allege that "Fang [was] known as boss to Plaintiff[s] and Chief Executive Officer and New York Alcoholic Beverage Control principal for the Mask Pot Inc." (FAC ¶ 17.) This allegation does not establish that Fang made decisions that affected their employment. *See Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342, 2012 WL 3027838, at *5 (E.D.N.Y. July 24, 2012) (dismissing claims against individual defendants because aside from defendants' titles, plaintiffs did not allege operational control over them); *see also Shiqiang Gao v. Umi Sushi, Inc.*, No. 18-cv-6439, 2020 WL 4505523, at *4 (S.D.N.Y. Aug. 5, 2020) (granting summary judgment in favor of defendant where only evidence of operational control was defendant's name on the liquor license because that fact does not explain the control defendant had over a plaintiff's employment). Plaintiffs also allege that "Fang hired . . . Yang" and "other kitchen workers like the 'kitchen big . . . at [the Mask Pot]'" (*id.* ¶¶ 18, 19), and that "Fang ultimately fired Yang," (*id.* ¶ 22.) This allegation is insufficient, however, because there are no other allegations indicating that Fang directed Yang or that he made operational decisions that necessarily affected Plaintiffs' employment. *See Vasto v. Credico (USA) LLC*, No. 15-cv-9298, 2016 WL 4147241, at *7 (S.D.N.Y. Aug. 3, 2016) (finding no control over plaintiffs where complaint did not allege "that [defendant] possessed control over managerial staff or instructed them on matters concerning employment practices"); *Henao v. Parts Auth., LLC*, 557 F. Supp. 3d 490, 499 (S.D.N.Y. 2021) (operational control sufficiently alleged where amended complaint alleged defendant "negotiated the contract and employee code of conduct that dictated the terms and conditions of Plaintiff's work" and exercised control over employee

9

reimbursement system). Finally, Plaintiffs allege that "Yang would set the pay and then let Fang . . . know, to ratify his decision[,]" (*id.* ¶ 35.) But, this allegation refers to a time period after Plaintiffs stopped working at the Mask Pot. That is, Fang's alleged approval of pay happened at a time when it would have no effect on Plaintiffs' employment. Thus, none of Plaintiffs' allegations, without more, establish that Fang had control over Plaintiffs' employment because they say nothing about Fang's involvement in decisions affecting Plaintiffs' employment.

The claims against Yang must be dismissed as well. Notably, many of Plaintiffs' allegations concerning Yang are conclusory and do not specify whether the allegations occurred during Yang's tenure at the Mask Pot or at BK Spice World, which the Court has already found is not Plaintiffs' employer. Instead, in many instances, Plaintiffs' allegations refer to both BK Spice World and Mask Pot as Xiang Hot Pot.[6] Clearly, allegations concerning an individual defendant's conduct while working for a non-employer will not support Plaintiffs' claims. *See Huer Huang*, 459 F. Supp. 3d at 592. Therefore, where Plaintiffs allegations fail to distinguish between BK Spice World and Mask Pot, those allegations are disregarded. Relatedly, a number of allegations concerning Yang's alleged control concern time periods after which Plaintiffs ceased working at Mask Pot. Specifically, the amended complaint alleges that "around end of September 2020, . . . Ding complained to Yang that his rate was lower than that of a female coworker" and that "[a]fter he was reassigned to [Mask Pot] . . . Yang set the pay of employees[,]" (*id.* ¶¶ 34-35.) Because Plaintiffs ceased working for Mask Pot in early 2020 (*see id.* ¶¶ 8, 9), these allegations say nothing about Yang's control over Plaintiff's employment while

---

[6] The complaint alleges that Yang meets the *Carter* factors (FAC ¶ 24), that Yang "would regularly supervise and give instructions to Plaintiffs" (*id.* ¶ 28), that Yang fired "multiple Xiang Hot Pot employees" without specifying whether those employees were at the Mask Pot or BK Spice World (*id.* ¶ 32), and that Yang hired "a group of employees for Xiang Hot Pot" again without specifying whether those employees were at the Mask Pot or BK Spice World (*id.* ¶ 33.)

10

they were employed at Mask Pot. Those allegations are likewise disregarded. What remains is insufficient to withstand Mask Pot Defendants' motion to dismiss.

The only allegations that could potentially support a determination that Yang was Plaintiffs' employer are: (1) "Yang hired his own mother . . . to work at [Mask Pot] (Am. Compl ¶ 27); (2) "Yang fired . . . Ding" (*id.* ¶ 31); and (3) "Yang would regularly supervise and give instructions to . . . Ding and . . . Li" (*id.* ¶ 28.) Certainly, these allegations speak to the *Carter* factors. Nonetheless, they are insufficient, without more, to establish that Yang exercised control over Plaintiffs' employment. *See Han Dynasty*, *Inc.*, 2019 WL 633355, at *8–9 (dismissing claims against individual defendants because allegations were deficient despite one defendant being an owner who had hiring and firing power and dealt with labor-related activities); *Kaplan v. Wings of Hope Residence, Inc.*, 18-cv-2972, 2020 WL 616630, at *8 (E.D.N.Y. Feb. 7, 2020) (dismissing claims against individual defendant where allegations included only that defendant provided instructions to plaintiff and had firing authority). Plaintiffs did not allege, as discussed above, that Yang had the ability to affect their pay. *Cf. De Quan Lu v. Red Koi, Inc.*, 17-cv-7291, 2020 WL 7711410, at **5–6 (S.D.N.Y. Dec. 29, 2020) (plaintiff stated claim against individual defendant where complaint alleged defendant was "'responsible for managing the accounting' at the restaurant" which "included paying employees"). Likewise, they did not allege that he controlled their work schedules. Without any allegation that Yang controlled Plaintiffs' pay or work schedules, the allegations support only that Yang was their supervisor, not their employer. In their totality, the allegations against Yang simply do not plausibly allege that he "was engaged in the culpable company's affairs to a degree that it is logical to find him liable to Plaintiff[s.]" *Irizarry*, 722 F.3d at 117; *see Juarez v. Precision Apparel, Inc.*, No. 12-cv-2349, 2013 WL 5210142, at *7 (E.D.N.Y. Sept. 13, 2013)

11

(adopting recommendation not to enter default judgment against defendant who did not have the power to determine employees' rate of pay even though "she sometimes paid plaintiff" and "gave plaintiff instructions in the performance of his duties").[7]

In sum because the complaint lacks allegations sufficient to establish Fang's, Zhao's, and Yang's control over their employment, Plaintiffs' claims against those defendants must be dismissed.[8]

## CONCLUSION

Yang's, Fang's, Zhao's, and BK Spice Worlds' motions to dismiss Plaintiffs Li and Chen's claims against them are GRANTED. Plaintiffs' request for leave to amend the FAC is DENIED with leave to renew.

SO ORDERED.

Dated: Brooklyn, New York  
      September 30, 2022

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge

---

[7] Indeed, in each of Plaintiff's cases where the claims against individual defendants survived a Rule 12(b)(6) motion, the complaint alleged the individual had control over the plaintiffs' pay. *See Compagnone v. MJ Licensing Co.*, No. 18-cv-6227, 2019 WL 1953931, at *3 (S.D.N.Y. May 2, 2019) (plaintiff alleged that he spoke with defendants regarding his salary); *Li v. Leung*, No. 15-cv-5265, 2016 WL 5369489, at *10 (E.D.N.Y. June 10, 2016) (plaintiff alleged that individual defendant determined rate of pay); *Ramirez v. Riverbay Corp.*, 35 F. Supp. 513, 521 (S.D.N.Y. 2014) (plaintiff alleged individual defendant was responsible for processing payroll and set rates of pay); *Chan v. Triple 8 Place*, No. 3-cv-6048, 2004 WL 1161299, at **1–2 (S.D.N.Y. May 24, 2004) (plaintiff's complaint included the conclusory allegation that individual defendants determined pay).

[8] Plaintiffs' opposition to BK Spice World Defendants' motions to dismiss seeks leave to amend the FAC to fix the deficiencies. This is not the proper manner in which to make such a request, and therefore that request is denied. If Plaintiffs wish to seek leave to amend, they must do so by filing a motion pursuant to Rule 15 of the Federal Rules of Civil Procedure.