# TROY LAW, PLLC

## ATTORNEYS / COUNSELORS AT LAW

Tel: 718 762 1324    johntroy@troypllc.com    Fax: 718 762 1342

41-25 Kissena Blvd., Suite 110, Flushing, New York 11355

May 21, 2025

*Via ECF*

Honorable Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
         *DING et al. v THE MASK POT, INC d/b/a Xiang Hot Pot et al., 20-cv-06076*

Dear Judge Henry:

The Parties write jointly to report that parties have come to an agreement on settling this matter.

## I.      Background

Plaintiff AI MING DING was employed by Defendants THE MASK POT, INC d/b/a Xiang Hot Pot and YUNFU YANG, (collectively, "Defendants"), The case on initially brought in the Eastern District of New York on July 16, 2021 by Plaintiff AIMING DING along with his coworker JUN LI. Defendants compelled arbitration and ultimately arbitration was granted as to AIMING DING and his portion of the case was stayed pending the arbitration proceedings. That arbitration proceeding was commenced on August 1, 2021 with AAA Case No. 01-21-004-9949.

In both the underlying federal court proceeding and the arbitration proceeding, Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) unpaid "spread of hours" compensation, (4) liquidated damages equal to the sum of unpaid minimum wage, unpaid overtime, unpaid "spread of hours," in the amount of twenty five percent under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (5) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of

Hon. Marcia M. Henry
Page 2

Hire Notice detailing rates of pay and payday, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

The parties (Claimant AI MING DING and Respondents THE MASK POT, INC. and YONGFU YANG) reached a settlement in principle and did execute a settlement agreement, with the final signer singing on August 10, 2022. Thereafter, the Court was informed in the Joint Status Report dated November 10, 2022 (Docket Entry No. 52) that "Plaintiff Ai Ming Ding's claims have been resolved through the American Arbitration Association before Arbitrator Theodore Cheng." On September 30, 2024, the Court directed the parties to file a stipulation of dismissal as to Ding by October 14, 2024. *See* Docket Entry No. 25. Said stipulation of dismissal as to Ding only was filed on October 14, 2024. *See* Docket Entry No. 75. After reviewing said stipulation, the Court addressed the stipulation in a telephonic conference on April 30, 2025. During this conference, the Court addressed, among other topics, the propriety of so-ordering a stipulation of dismissal of a Plaintiff with an underlying FLSA and NYLL case who has settled his claim in arbitration. The Court determined based on a careful review of the case law on both sides, that it would be proceeding to review the fairness of said settlement, and neither party challenged the Court's authority to do so, notwithstanding any terms to the contrary in the settlement agreement.

On May 5, 2025, the Court issued a text-only order that directed the parties to file a motion for settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2nd Cir. 2015). The Order specified what was required in such a motion, which "shall include (1) a fully executed copy of the proposed settlement agreement, and any translated copies of the agreement, if applicable; (2) a letter brief (of seven pages or fewer) that includes a fulsome analysis of the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), and related cases; (3) an explanation of and documents related to Plaintiff's damages calculations; and (4) if attorneys' fees and costs are included in the settlement, time and billing records and receipts for Plaintiff's counsel and copies of any relevant retainer agreements, if applicable."

"Attorneys' fees and costs in FLSA actions generally arise in three contexts: (1) fee applications following a ruling in favor of plaintiff; (2) fee applications following a settlement where the settlement agreement reserves the questions of fees and costs for the court to decide; and (3) settlements incorporating attorneys' fees and costs into the settlement amount." *Fisher*, 948 F.3d at 600–01 (internal citations omitted). The parties

Hon. Marcia M. Henry
Page 3

settled the attorneys' fees through a fee application made to the arbitrator following a settlement of the client's claims. Thus, the second context is relevant here. *See id.* at 601. Accordingly, the letter does not address billing records and receipts for the Plaintiff's counsel as item (4) does not apply. Accordingly, the letter brief with the requisite fulsome analysis complying with items (1), (2), and (3) follows:

### (1) Fully Executed Copy of the Proposed Settlement Agreement

The parties jointly and respectfully enclose the fully executed copy of the executed and approved settlement agreement as **Exhibit 1**.

### (2) Brief and (3) Explanation of Damages Calculations

### II.    The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Fifteen Thousand Dollars ($15,000.00) (*__exclusive__* of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

### A.  Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations (as of August 1, 2022) were made based on this review and the potential damages for the Plaintiff are as follows:

Hon. Marcia M. Henry
Page 4

Plaintiff AI MIN DING claimed that he worked between on or about (1) October 1, 2018 to September 25, 2019; (2) November 18, 2019 to March 15, 2020 and (3) September 21, 2020 to November 1, 2020.

Plaintiff worked approximately forty-eight (48) hours on average each week from October 01, 2018 to August 25, 2019; from November 18, 2019 to March 15, 2020; and from September 21, 2020 to November 01, 2020. Plaintiff was promised an hourly pay of Thirteen Dollars ($13.00) per hour from December 10, 2018 to December 30, 2018; Fifteen Dollars And Fifty Cents ($15.50) per hour from December 31, 2018 to August 25, 2019; Fifteen Dollars And Fifty Cents ($15.50) per hour from November 18, 2019 to March 15, 2020. However, during this time, Plaintiff was not paid for all the hours worked and was not paid for overtime compensation for all overtime hours worked in excess of forty (40) hours a week. Plaintiff was paid Six Hundred Dollars ($600.00) per week from September 21, 2020 to November 01, 2020.

Plaintiff AI MIN DING's unpaid wage and overtime compensation shortfall without liquidated damages under the NYLL was Five Thousand Three Hundred Forty Dollars ($5,340.00). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Four Thousand Six Hundred Dollars ($4,600.00) for NYLL Initial Time-of-Hire Notice Violations, and One Thousand Three Hundred Forty-Six Dollars And Seventy-Four Cents ($1,346.74) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Twenty-One Thousand Six Hundred Twenty-Six Dollars And Seventy-Four Cents ($21,626.74). Plaintiff's Damages Calculation is attached hereto as **Exhibit 2**.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees of the Plaintiff's counsel, which both sides agreed would be done vis-a-vis a fee application to the arbitrator Theodore Cheng.

The parties' settlement of $15,000 represents $15,000/ $21,626.74 = around 69.35% of the best-case scenario recovery is reasonable and should be approved.

## B. Defendants' Assessment

Mask Pot Inc. ("Mask Pot") denies the allegations asserted by Plaintiff Ding and any suggestion of wrongdoing. Mask Pot maintains accurate and comprehensive records concerning its employees' hours worked and wages paid. These records reflect that Ding worked between 47.5 and 49 hours per week and was compensated at an hourly rate of $13.00 in 2018 and $15.50 in 2019, with applicable overtime rates of $19.50 and $23.25, respectively, for hours worked in excess of 40 per week. Accordingly, Mask Pot denies that Ding is owed any unpaid minimum wage or overtime compensation.

Hon. Marcia M. Henry
Page 5

Mask Pot further denies that Ding is entitled to any statutory damages under New York Labor Law §§ 195(1) and (3). Mask Pot provided Ding with a timely notice of pay rate and other required information at the time of hire, in Chinese, and furnished weekly wage statements accurately reflecting all compensation paid, including amounts issued by check and in cash.

Notwithstanding the strength of its documentary evidence and legal defenses, Mask Pot recognizes the inherent costs and risks associated with continued litigation. In light of these considerations, Mask Pot has engaged in good-faith negotiations and reached a reasonable resolution of Ding's claims.

For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

**TROY LAW PLLC**                                          **Jia Law Groupo**
*Attorneys for Plaintiffs*                                *Attorneys for Defendants*

/s/ John Troy                                             */s/ Thomas Hsien Chih Kung*
John Troy, Esq.                                           Thomas Hsien Chih Kung, Esq.
Aaron Schweitzer, Esq.                                    88 Pine Street 18th Floor
Tiffany Troy, Esq.                                        88 Pine Street 18th Floor
41-25 Kissena Blvd., Suite 110                            Tel: 3478976199
Flushing, NY 11355
Tel.: 718 762 1324